**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-20212-DIMITROULEAS**

**MARIE BOCCHINO**,

      Plaintiff,

v.

**NCL (BAHAMAS) LTD.**
**d/b/a NORWEGIAN CRUISE LINE**,

      Defendant,

**MIAMI-DADE COUNTY**
**d/b/a PORTMIAMI**,

      Defendant,

**and XYZ DEFENDANT(S)**

      Defendant.

_____/

**DEFENDANT MIAMI-DADE COUNTY'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Miami-Dade County (the "County"), pursuant to Federal Rules of Civil Procedure 12(a) and 14(c), hereby files its Answer and Affirmative Defenses to Plaintiff Marie Bocchino's ("Plaintiff's") Complaint, [ECF No. 1], and states as follows:

1. The County is without knowledge as to the allegations contained in Paragraph 1 and therefore denies same and demands strict proof thereof.

2. The County is without knowledge as to the allegations contained in Paragraph 2 and therefore denies same and demands strict proof thereof.

3. Paragraph 3 is denied.

4.  Paragraph 4 is a legal conclusion which the County is not required to admit or deny. To the extent a response is required, the County is without knowledge as to the allegations contained in Paragraph 4 and therefore denies same and demands strict proof thereof.

5.  The County is without knowledge as to the allegations contained in Paragraph 5 and therefore denies same and demands strict proof thereof.

6.  The County admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. The County denies the remaining allegations in Paragraph 6.

7.  The County admits that Plaintiff purports to state a cause of action under Florida state law. The County denies the remaining allegations in Paragraph 7 of the Complaint.

8.  With regard to Paragraph 8, the County admits subsection (b) and (c). The County is without knowledge as to the remaining allegations contained in Paragraph 8 and therefore denies same and demands strict proof thereof.

9.  The County admits that the County is a subdivision of the State of Florida. The County denies the remaining allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is denied.

14. Paragraph 14 is a legal conclusion which the County is not required to admit or deny. To the extent a response is required, the County is without knowledge as to the allegations contained in Paragraph 14 and therefore denies same and demands strict proof thereof.

15. Paragraph 15 is denied.

## GENERAL ALLEGATIONS

16. The County is without knowledge as to the allegations contained in Paragraph 16 and therefore denies same and demands strict proof thereof.

17. The County is without knowledge as to the allegations contained in Paragraph 17 and therefore denies same and demands strict proof thereof.

18. With regard to Paragraph 18, the County admits that the County owned and operated PortMiami at all material times. The County denies the remaining allegations contained in Paragraph 18.

19. The County is without knowledge as to the allegations contained in Paragraph 19 and therefore denies same and demands strict proof thereof.

20. The County is without knowledge as to the allegations contained in Paragraph 20 and therefore denies same and demands strict proof thereof.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

## COUNT I: GENERAL NEGLIGENCE (AGAINST NCL)

Count I is directed at another Defendant. Therefore, the County need not respond to the allegations contained in Paragraphs 26-35 of the Complaint.

## COUNT II: NEGLIGENT FAILURE TO WARN (AGAINST NCL)

Count II is directed at another Defendant. Therefore, the County need not respond to the allegations contained in Paragraphs 36-42 of the Complaint.

## COUNT III: GENERAL NEGLIGENCE (AGAINST COUNTY)

The County restates and realleges its responses to Paragraphs 1-25 as if fully incorporated herein.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

## COUNT IV: NEGLIGENT FAILURE TO WARN (AGAINST COUNTY)

The County restates and realleges its responses to Paragraphs 1-25 as if fully incorporated herein.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

## COUNT VI: NEGLIGENCE (AGAINST XYZ DEFENDANTS)

Count VI is directed at other Defendants. Therefore, the County need not respond to the allegations contained in Paragraphs 60-66 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The County did not have actual or constructive notice of the alleged dangerous condition that allegedly caused or contributed to Plaintiff's injuries.

2. The injuries and damages claimed by Plaintiff were caused by the negligence of Plaintiff including, but not limited to, failing to exercise reasonable care, failing to be aware of her surroundings, failing to keep a proper lookout, failing to observe open and obvious conditions, and failing to maintain a proper balance, thereby reducing or barring Plaintiff's damages under the doctrine of comparative negligence.

3. Plaintiff's alleged injuries and/or damages were caused by the acts or omissions of unknown third party or parties, whose actions were not under the dominion or control of the County, thereby reducing or barring Plaintiff's damages pursuant to Florida Statutes Section 768.81. The County reserves the right to amend its answer to identify any specific non-party the County may determine caused or contributed to the alleged accident and/or alleged injuries and/or damages.

4. Plaintiff's claims against the County are subject to the limitations set forth in Florida Statutes Section 768.28(5)(a).

5. Plaintiff has not complied with all requirements and conditions precedent to bringing this action in that she has failed to comply with the presentation of claim requirements of Florida Statutes Section 768.28(6).

6. The condition at issue is not a dangerous condition.

7. The County is entitled to a set-off from recovery against it to the extent of the value of all benefits received by or paid on behalf of Plaintiff from any collateral source.

8. To the extent that Plaintiff has failed to mitigate damages, Plaintiff's recovery, if any, should be reduced.

9. The County reserves the right to assert additional affirmative defenses as appropriate.

WHEREFORE, the County respectfully requests trial by jury on all issues so triable, that the Court award the County attorney's fees, litigation expenses, and costs in accordance with applicable federal and state law, that judgment be entered in favor of the County, and that the Court award the County such other relief as the Court deems proper, equitable, and just.

Dated: May 6, 2026

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL  33128

By:    /s/ *Nicholas P. Tricarico*
        Nicholas P. Tricarico
        Assistant County Attorney
        Florida Bar No. 1068916
        Telephone: (305) 781-7122
        Facsimile: (305) 375-5611
        E-mail: Nicholas.Tricarico@miamidade.gov
        Erica.Zaron@miamidade.gov

*Attorney for Defendant Miami-Dade County*

## <u>CERTIFICATE OF SERVICE</u>

On May 6, 2026, I electronically filed this document with the Clerk of Court using CM/ECF and served a true and correct copy on all counsel of record via CM/ECF.

*/s/ Nicholas P. Tricarico*
Nicholas P. Tricarico
Assistant County Attorney

7